THOMAS L. CARTY *vs.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

DECEMBER 29, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action was brought under general laws 1938, chapter 450, to recover the amount of an attorney's alleged lien by virtue of his agreement with an employee of defendant's insured for a contingent fee for services in connection with a petition to commute compensation under the workmen's compensation act. The case is before us upon the plaintiff's exception to the decision of a justice of the superior court sustaining the defendant's demurrer to the declaration.

The first count of the declaration alleges, in substance and effect, that the plaintiff had been engaged as attorney by Gideon LaCasse to prosecute or defend a claim under the workmen's compensation act, involving a petition to commute the payments of compensation, which petition, entitled *Greenhalgh Mills* v. *Gideon LaCasse,* was then pending; that plaintiff was to have exclusive control of all negotiations for a lump sum settlement thereof; that for such services LaCasse agreed to pay the plaintiff "one-quarter of the sum received in settlement of said claim"; that the defendant was the insurer of the Greenhalgh Mills, the employer, and was really the party that had filed said petition for a commutation of compensation payments; that defendant had knowledge of the plaintiff's engagement as such attorney but nevertheless "for the purpose of defeating his right to

compensation . . . collusively with said LaCasse, and in bad faith . . . settled said claim by the payment of the sum of Twenty-five Hundred ($2500.) Dollars . . . which said settlement was made to LaCasse without the knowledge of this plaintiff", whereby a right accrued to him under chap. 450 to assert "his lien in accordance with his said agreement." The second count is substantially the same as the first, with the added allegation that "said settlement, to the knowledge of this defendant, was not an honest and genuine one between the parties."

To each of these counts the defendant filed a demurrer reciting three grounds,—that the alleged payment to LaCasse was made under the workmen's compensation act; that the plaintiff has no remedy in an action at law under G. L. 1938, chap. 450; and that each count fails to state a cause of action.

The trial justice sustained the defendant's demurrer on the sole ground that the provisions of the workmen's compensation act, chap. 300, art. II, §23, were decisive and precluded any action under chap. 450. That section reads: "No claims for compensation under this chapter . . . shall be assignable, or subject to attachment, or liable in any way for any debts." The trial justice ruled that the intent of the act was clear on its face, namely, to exempt such claims entirely from liability for any debts; and that, in view of such explicit and comprehensive exemption from liability as provided in the quoted §23, he could not read into that statute an exception in favor of an attorney acting for an employee in a compensation claim under the act.

The plaintiff contends that such interpretation of §23 is too strict and that it is at variance with the purpose of the act and the reasonable construction of the language thereof. He contends in particular that the trial justice's ruling ignored or overlooked the reasonable effect that should be given to the express language of ·art. II, §3, which provides that "Contingent fees of attorneys for services under this chapter shall be subject to the approval of the superior court."

By this provision, plaintiff argues, the workmen's com-

pensation act definitely recognized the validity of an attorney's contingent fee and provided a right or privilege to have the superior court equitably intervene in the matter of the approval of such a fee, although it failed to specify the time when and the manner in which such approval shall be sought. He concedes that the logical place and time for the approval of such fee under the act is in the superior court when it is passing upon the merits of a petition and when all parties are before the court. But he asserts that the defendant by its wrongful action caused the compensation case of *Greenhalgh Mills* v. *LaCasse* to be terminated and settled without the plaintiff's knowledge; that he thereby was deprived of his right or privilege to have the superior court equitably approve his contingent fee in that proceeding; and therefore that an action accrued to him under chap. 450.

In our opinion the defendant's demurrer must be sustained, although for a reason different from that relied on by the trial justice. No question as to the parties has been raised. The provisions of §23 concededly are explicit and broad, as stated by the trial justice. But if that section be thus construed strictly, it would substantially deprive §3 of any reasonable purpose in the act. It also would operate in effect to deprive a workman of the advantage of being represented by an attorney, because few employees are able to pay in advance for such services and employment of an attorney upon a contingent fee basis is frequently the only means by which an employee may obtain legal assistance. In our opinion the legislature never contemplated such extreme results under the workmen's compensation act and therefore we cannot agree with the reason relied on by the trial justice.

The legislature evidently intended both of these sections to serve some reasonable and useful purpose, consistent with the general object of the act. Both sections appear in art. II and both contain explicit language. According to familiar rules of construction, such related sections of a statute should be interpreted so that all provisions are given effect, if reasonably possible. This can be done, consistently with the

language used and the general purpose of the act, by holding that the express provisions of §3 were intended to operate as an exception to the pertinent portion of §23, in order to meet practical conditions that could have been expected to confront an employee in litigation under the act. On that view the legislature did not intend to make it practically impossible for an employee to obtain adequate legal assistance nor to prevent or invalidate a contract between an employee and his attorney for services to be rendered in a compensation proceeding under the act. But it did intend to protect the interests of all parties by providing that the *amount* of the attorney's fee, if contingent, should be subject to approval by the superior court before the attorney could *enforce* his rights thereto.

In the instant case the attorney has proceeded under chap. 450, the attorney's lien act, so called, to enforce his right to a contingent fee for services rendered in a proceeding under the workmen's compensation act. This court has held that under chap. 450 the attorney's lien, in circumstances therein provided for, extends to the value of his contractual interest in the cause of action. *Cawley* v. *Burke*, 43 R. I. 188; *Jacobs* v. *United Electric Rys. Co.*, 46 R. I. 230. But the value of the plaintiff's contractual interest, as alleged in his declaration, involves only his services in connection with a petition for commutation of compensation. That matter is governed by the workmen's compensation act, G. L. 1938, chap. 300, art. II, §25; and, according to art. II, §3, as previously quoted and discussed, the amount of an attorney's contingent fee for services thereunder is expressly made subject to approval by the superior court in a proceeding under that act before it can be enforced.

Compliance with such provisions, in our opinion, is a condition precedent to the plaintiff's right to recover, in an action under chap. 450, the amount of his contingent fee for services rendered in a proceeding under the workmen's compensation act. The declaration here contains no allegation that the plaintiff had obtained any approval by the superior

court of his contingent fee for such services, as required by §3 of that act. This omission renders the declaration defective upon demurrer.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Thomas L. Carty,* for plaintiff.
*Henry M. Boss,* for defendant.